USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/7/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALONSO BANEGAS,

                      Petitioner,

        -against-

THOMAS DECKER, *et al.*,

                      Respondents.

21-CV-2359 (VEC)

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

      Petitioner Alonso Banegas seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his ongoing detention by Immigration and Customs Enforcement ("ICE"). Pet., Dkt. 1. Specifically, Petitioner challenges his continued detention as a violation of the Fifth Amendment Due Process Clause, the Immigration and Nationality Act, and the Administrative Procedures Act. *Id.* Petitioner seeks immediate release or a "constitutionally adequate" bond hearing at which the Government would bear the burden to prove by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight. *Id.* at 35. Respondents oppose the petition and argue, *inter alia,* that Mr. Banegas is not entitled to a bond hearing with a shifted burden because he has not been subject to "unconstitutionally prolonged detention" as purportedly contemplated by the Second Circuit in *United States v. Velasco Lopez*, 978 F.3d 842 (2d Cir. 2020). *See* Gov. Supp. Br., Dkt. 24. For the following reasons, Mr. Banegas' petition is GRANTED.

## BACKGROUND

      Mr. Banegas is a thirty-six-year old Honduran citizen who entered the United States at an unknown time and place without inspection. *See* Pet. at 1; Zapata Decl., Dkt. 9 ¶ 3. On May 12, 2008, ICE officers arrested Mr. Banegas and charged him with being an unlawfully present alien

pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I).[1]  *Id.* ¶¶ 4-6.  On May 19, 2008, Mr. Banegas stipulated to a final order of removal and was removed from the United States to Honduras.  *Id.* ¶¶ 6-7.

At some point after May 19, 2008, Mr. Banegas reentered the United States without inspection.  *Id.* ¶ 7.  On August 11, 2020, Mr. Banegas was convicted in New York State of driving under the influence.  *Id.* ¶ 8.  On August 14, 2020, Mr. Banegas was detained by ICE at Bergen County Jail in New Jersey pursuant to 8 U.S.C. § 1231 and "processed as a Reinstatement of Prior Removal Order under INA Section 241(a)(5)."  *Id.* ¶ 9; Return, Dkt. 8 Ex. C.  On September 8, 2020, following a reasonable-fear interview, during which the USCIS determined that Mr. Banegas had a credible fear of returning to Honduras, ICE placed Mr. Banegas into withholding-only proceedings.  *Id.* ¶ 10; Pet. at 1.

On or about September 9, 2020, Mr. Banegas requested a bond hearing before an immigration judge.  Zapata Decl. ¶ 11.  On September 23, 2020, the immigration judge held a hearing and denied Petitioner's request for bond on the grounds that he had failed to show that he was not a danger to the community.  *Id.* ¶ 13; Return Ex. E.  On November 4, 2020, the immigration judge denied Petitioner's Application for Relief from Removal.  *Id.* ¶ 16; Return Ex. F.

On February 23, 2021, the Board of Immigration Appeals ("BIA") affirmed the immigration judge's denial of bond.  *Id.* ¶ 18.  On March 2, 2021, the BIA dismissed Petitioner's appeal of the immigration judge's decision denying his application for relief from removal.  *Id.* ¶ 19; Return Ex. H.  On March 3, 2021, ICE transferred Mr. Banegas from Bergen County Jail to

---

[1]  ICE agents first encountered Mr. Banegas at the Palm Beach County Jail in Florida after he was arrested and charged with driving under the influence and resisting an officer without violence.  Zapata Decl. ¶ 4.

Orange County Jail in New York pending removal. *Id.* ¶ 20.

On March 9, 2021, Petitioner filed a Petition for Review ("PFR") of the BIA's decision and a motion for a stay of removal in the Court of Appeals for the Second Circuit. *Id.* ¶ 21; Case No. 21-6128. On March 26, 2021, the Second Circuit granted a temporary stay of removal pending review of Petitioner's formal motion for a stay of removal and his PFR. *See* Dkt. 17-1; Case No. 21-6128. Petitioner's motions are currently pending before the Second Circuit. *See* No. 21-6128.

Petitioner brings the instant petition to request immediate release or another bond hearing at which the Government would bear the burden to prove by clear and convincing evidence that Petitioner's continued detention is justified. Pet. at 35.

## DISCUSSION

The Fifth Amendment Due Process Clause prevents the Government from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Addington v. Texas*, 441 U.S. 418, 425 (1979) ("This Court repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection."). Moreover, "due process places a heightened burden of proof *on the State* in civil proceedings in which the individual interests at stake … are both particularly important and more substantial than mere loss of money." *Cooper v. Oklahoma*, 517 U.S. 348, 363 (1996) (emphasis added) (internal quotation marks omitted); *see e.g.. Kansas v. Hendricks*, 521 U.S. 346, 353-56 (1997) (holding that a civil commitment statute satisfied the Due Process Clause in part because it "plac[ed] the burden of proof upon the State"). It is well

3

established that the procedural protections required by the Fifth Amendment extend to noncitizens, including in removal proceedings. *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Reno v. Flores*, 507 U.S. 292, 306 (1993) ("[T]he Fifth Amendment entitles aliens to due process of law in deportation proceedings.").

Numerous district courts in the Second Circuit, including this Court, have consistently applied these principles to hold that where, as here, the Government seeks to detain a noncitizen pending removal pursuant to § 1226(a), the Fifth Amendment Due Process Clause requires the Government to bear the burden of proving, by clear and convincing evidence, that such detention is justified.[2] *See e.g. Jimenez v. Decker,* No. 21-CV-880, 2021 WL 826752, at *11 (S.D.N.Y. Mar. 3, 2021) (applying the *Matthews* factors to hold that due process requires that a noncitizen detained under § 1226(a) receive a "bond hearing at which the Government must prove by clear and convincing evidence that [petitioner] is either a flight risk or a danger to the community"); *Quintanilla v. Decker*, No. 21-CV-417, 2021 WL 707062, at *3 (S.D.N.Y. Feb. 22, 2021) (joining the "'overwhelming consensus of judges in this district' in concluding that the Government should bear the burden to deny liberty at any Section 1226(a) bond hearing, regardless of the noncitizen's length of detention.")*; Rodriguez v. Decker*, No. 20-CV-4118, 2020 WL 3618990, at *2 (S.D.N.Y. June 30, 2020) ("Joining in the consensus forming among judges of this District, the Court finds that Due Process requires that the government bear the burden of proof on dangerousness during a bond hearing for an individual detained under section

---

[2] Under 8 U.S.C. § 1226(a), a noncitizen may be "arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Here, although Petitioner's detention was initially governed by 8 U.S.C. § 1231(a), the Second Circuit's grant of a temporary stay of removal results in Petitioner's detention now being governed by § 1226(a), pursuant to which he is entitled to a bond hearing. *See Hechavarria v. Sessions*, 891 F.3d 49 (2d Cir. 2018).

4

1226(a)."); *Fernandez Aguirre v. Barr*, No. 19-CV-7048 (VEC), 2019 WL 3889800, at *3 (S.D.N.Y. Aug. 19, 2019) (noting that this Court "agrees" with the "overwhelming consensus of judges in this District" that the Government bears the burden to justify a noncitizen's detention); *Velasco Lopez v. Decker*, No. 19-CV-2912, 2019 WL 2655806, at *3 (S.D.N.Y. May 15, 2019) ("Every court to consider the constitutional issue … has agreed [that] under the Due Process Clause of the Fifth Amendment, it is the Government's burden to justify the detention of an immigrant at a bond hearing under § 1226(a)."); *Linares Martinez v. Decker*, No. 18-CV-6527, 2018 WL 5023946, at *4–5 (S.D.N.Y. Oct. 17, 2018) (noting that "the overwhelming majority of courts to consider the question [] have concluded that 'imposing a clear and convincing standard [on the Government] would be most consistent with due process.'") (citation omitted). The United States Court of Appeals for the Ninth Circuit has reached the same conclusion. *See Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011).

The Court sees no reason to depart from its own, and numerous other courts', prior holdings. As such, the Court finds that the Due Process Clause of the Fifth Amendment requires that Mr. Banegas receive a bond hearing at which the Government will bear the burden to justify continued detention by clear and convincing evidence.

Respondents argue that the Second Circuit's decision in *Velasco Lopez* forecloses Petitioner's constitutional claim. The Court disagrees. In *Velasco Lopez*, the Second Circuit held that the noncitizen's "prolonged incarceration [pursuant to § 1226(a)], which had continued for fifteen months without an end in sight or a determination that he was a danger or flight risk, violated due process" and entitled him to a new bond hearing at which the Government would bear the burden to justify continued detention by clear and convincing evidence. 978 F.3d at 855. The Circuit expressly declined to "establish a bright-line rule for when due process entitles

5

an individual detained under § 1226(a) to a new bond hearing with a shifted burden." *Id.* n.13. In other words, neither the Circuit's decision in *Velasco Lopez* nor any other binding appellate authority overrules the "overwhelming consensus" of courts in this District that the Due Process Clause of the Fifth Amendment requires the Government to bear the burden to justify continued detention of a noncitizen who is detained pursuant to § 1226(a), even absent "prolonged detention." *See Quintanilla,* 2021 WL 707062, at *3 (noting that the Second Circuit in *Velasco Lopez* avoided deciding whether the Due Process Clause requires a "bright-line rule shifting the burden to the Government"); *Jimenez,* 2021 WL 826752, at *8 (rejecting argument that the Second Circuit's decision in *Velasco Lopez* can be read to hold that allocating the burden on the detainee at an initial bond hearing is constitutionally permissible unless there has been prolonged detention); *Garcia v. Decker,* No. 21-CV-1209, Hr'g Tr., Dkt. 19 at 7-8, 22-23 (rejecting argument that the Second Circuit's decision in *Velasco Lopez* "forecloses relief in the absence of prolonged detention.").

Moreover, even if *Velasco Lopez* were correctly read to impose a bright line requirement of "prolonged detention" before a noncitizen would be entitled to a bond hearing at which the Government would have the burden to justify detention, Mr. Banegas would nevertheless qualify for a new hearing because he has been in "prolonged detention." Mr. Banegas has been detained for nine months[3] and there is no indication when the Second Circuit will resolve his PFR.

---

[3] The Government urges the Court to consider only the amount of time that Mr. Banegas has been detained under § 1226(a). Gov. Supp. Br., Dkt. 24 at 5. In other words, because Mr. Banegas was detained under § 1231(a) until the Second Circuit granted his request for a temporary stay on March 26, 2021, the Government argues that Mr. Banegas has only been detained for purposes of assessing length of detention for five and one-half weeks. *Id.* This argument is unpersuasive. Mr. Banegas has been detained since August 14, 2020. Pet. at 1. Although Petitioner was initially detained under § 1231(a), and was therefore not initially entitled to a bond hearing, his period of confinement has continued for nine months and necessarily includes any amount of time that he may have been ineligible for a bond hearing. *See Velasco Lopez*, 978 F.3d at 853 (holding that as the "period of [the noncitizen's] confinement grows, so do the required procedural protections no matter what level of due process may have been sufficient at the moment of initial detention.").

Accordingly Mr. Banegas is entitled to a bond hearing during which the Government will bear the burden to justify his continued detention. *See, e.g., Quintanilla,* 2021 WL 707062, at *3 (granting relief where petitioner was detained for less than four months); *Jimenez,* 2021 WL 826752, at *8 (granting relief where petitioner was detained for twelve months); *Gonzalez Evangelista v. Decker*, 20-CV-8758, 2021 WL 101201, at *1 (S.D.N.Y. Jan. 12, 2021) (granting relief where petitioner was detained for eleven months); *Garcia v. Decker*, 21-CV-1209, Dkt. 19 (granting petitioner detained for twenty months).

## CONCLUSION

For the foregoing reasons, Mr. Banegas' petition is GRANTED. Within **seven calendar days** of the date of this Order, Respondents must provide Petitioner with an individualized bond hearing at which the Government will bear the burden to demonstrate, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk. The immigration judge is also directed to meaningfully consider alternatives to incarceration and Petitioner's ability to pay if setting a monetary bond.[4] Should the Government fail to provide Petitioner with a bond

---

Moreover, as noted *supra,* the Due Process Clause entitles Mr. Banegas to a bond hearing with a shifted burden regardless of the length of his detention. Nothing in the Second Circuit's decision in *Velasco Lopez* suggests that a noncitizen is not entitled to receive a bond hearing with a shifted burden unless he has already been subject to "prolonged detention."

[4] Although Petitioner requests that the Court direct the immigration judge not to "give undue weight to uncorroborated criminal allegations," Pet. at 36, immigration judges are permitted to assess "the totality of a detainee's prior criminal history, including arrests and unarraigned charges, in determining danger to the community." *Vargas v. Davies*, No. 15-CV-3525, 2016 WL 3044850, at *4 (S.D.N.Y. May 27, 2016). The Court is also aware of the BIA's decision in *Matter of Siniauskas*, 27 I.&N. Dec. 207, 209 (BIA 2018), holding that "driving under the influence is a significant adverse consequence in bond proceedings." Nevertheless, the Court directs the immigration judge to consider that two arrests for drunk driving over the course of twelve years is "simply not compelling evidence that [such a] person poses a risk to the community that cannot be mitigated short of detention." *Bernal Gutierrez v. Decker*, No. 20-CV-4046 (VEC), 2020 WL 3396283, at *2 (S.D.N.Y. June 10, 2020) (acknowledging that "drunk driving unquestionably poses a danger to society," but noting that two violations in over ten years was "simply not compelling evidence that [petitioner] pose[d] a risk to the community that cannot be mitigated short of detention," and noting that the Court could not "imagine that a criminal defendant (who was not charged with a crime of violence or a serious narcotics offense, *see* 18 U.S.C § 3142(e)(2)) would ever be held without bail on a record" consisting solely of DWAI violations.).

hearing consistent with the foregoing within seven calendar days of this order, the Government must immediately release him.

**SO ORDERED.**

Dated: May 7, 2021
        New York, New York

                                          **VALERIE CAPRONI**
                                         **United States District Judge**